No. 367
HIRSCHKOWITZ v. DAVIS et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4754.    Decided Jan. 25, 1924
Middleton, P. J., and Sayre and Mauck, JJ., sitting.

923. PLEADINGS—Petition does not state a cause of action for breach of a covenant in lease unless it states the privity between the parties—Covenant in lease not to engage in a particular business, held binding upon other co-lessors—The averment "no adequate remedy in law" held to be a legal conclusion.

MAUCK, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for an injunction. One Pagano was the owner of a block of storerooms in Cleveland on Cedar avenue. Pagano leased one store-room to Pustelnek. He then sold the premises to Sam and Esther Davis. Sam and Esther later leased a store-room in the block to Fisher Brothers, and another to Blank. Pustelnek's lease gave him the exclusive right to engage in the retail milk and butter business in the block. The plaintiff claimed that the other tenants, who were parties to the suit, were violating this restriction. The petition alleged as a mere conclusion of law that the plaintiff was a tenant of Sam and Esther Davis and that he occupied the premises by virtue of an assignment from Pustelnek. The petition did not show any relation between Pustelnek and Davis. The petition alleged that the defendants had acquired their lease from Davis, but did not allege that Davis acquired it from Pustelnek, its landlord. A demurrer was filed by Fisher Bros. to the amended petition, which was sustained. Plaintiff prosecuted error. In sustaining the judgments of the lower court, the Court of Appeals held:

1. As the petition did not show any privity of holding between Davis and those claiming under him on the one side, and Pustelnek and the plaintiff claiming under him on the other, no cause of action was stated.

2. The covenant contained in lessor's lease to Pustelnek was binding upon grantees or lessors and an injunction would lie to restrain its infraction.

3. The averment "that there is no adequate provision at law and that the defendants he

restrained, or he will be irreparably injured" is a conclusion of law and not a pleading of facts sufficient to warrant an injunction.

Attorneys—A. L. Steuer, for Hirschkowitz; Gordon & Gordon, for Davis et al; all of Cleveland.